911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mellott FAUST, Defendant-Appellant.
 No. 89-5242.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1990.
Decided Aug. 6, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-89-73-G)
 J. Matthew Martin, Stanback, Stanback & Martin, P.A., Hillborough, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mellott Faust appeals from his conviction on charges of using and carrying three firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1), contending that the district court erred in refusing to grant his motion for judgment of acquittal on account of insufficient evidence under Federal Rule of Criminal Procedure 29(a).
 
 
 2
 In this case, police officers discovered over sixty grams of cocaine powder, a set of scales, plastic baggies, assorted drug paraphernalia, approximately $12,000 in cash, and three firearms in the course of a lawfully executed search of Faust's residence. When the officers entered the defendant's home, Faust ran into the kitchen and attempted to dispose of some of the cocaine powder down the sink. The police sighted the firearms--two revolvers and a semi-automatic pistol--in an open cabinet about two feet from the kitchen sink over which Faust was standing. Two of the guns were sitting upright on their handgrips with their barrels pointing toward the back wall of the cabinet, and at least one of the guns was loaded.
 
 
 3
 The precise question before this court is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt viewing the direct and circumstantial evidence in the light most favorable to the government, and allowing the government to draw all reasonable inferences from that evidence. See United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Faust insists that the evidence did not sufficiently show that he was "carrying or using" the firearms.
 
 
 4
 In United States v. Brockington, 849 F.2d 872 (4th Cir.1988), this court held that the "using and carrying" language of 18 U.S.C. Sec. 924(c)(1) was satisfied even though the defendant's gun was recovered from under a floormat directly beneath the back seat of a taxi cab, and not on the defendant's person at the time of the search. In light of the statute's legislative history and the available case law, we concluded that "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." Id. at 876.
 
 
 5
 We hold that Brockington is directly applicable to the instant case, and therefore affirm Faust's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and oral argument would not aid the decisional process. See Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 6
 AFFIRMED.